UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CHERYL CARRICO, *et. al.*, ) | | |
| Plaintiffs ) | | |
| ) | | |
| vs. ) | | 3:09-cv-140-RLY-WGH |
| ) | | |
| C. MICHAEL STEINER, *et. al.*, ) | | |
| Defendants ) | | |

**ENTRY ON DEFENDANT STATE OF INDIANA'S MOTION TO DISMISS**

The State of Indiana moves to dismiss Cheryl Carrico's ("Ms. Carrico") and Robert Carrico's ("Mr. Carrico") (collectively "Plaintiffs") claims against it for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). The court, having read and reviewed the supporting and opposing briefs, the relevant case law, and being otherwise duly advised, now finds that the State of Indiana's motion should be **GRANTED**.

**I.     Dismissal Standard**

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether the factual allegations contained in the complaint are sufficient to raise a right to relief above a speculative level. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). The court accepts the "complaint's well-pleaded allegations as true" and draws "all favorable inferences for the

plaintiff." *Id.* (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)).

## II.     Factual Background

Ms. Carrico was formerly married to Thomas Rasico ("Mr. Rasico"), and an order of final dissolution of marriage was entered on May 30, 1990. (Complaint ¶¶ 11, 12). The couple had one child of that union. (*Id.* ¶ 11). Custody of that child was granted to Ms. Carrico and Mr. Rasico was ordered to pay child support. (*Id.* ¶ 12). An Agreed Order modifying support and maintenance was entered into on April 17, 1995. (*Id.*). Mr. Rasico's wages later had to be garnished for failure to comply with the terms of the order. (*Id.*).

On August 4, 2003, Mr. Rasico requested the garnishment be stopped. (*Id.* ¶ 15). The Martin County Prosecutor's office granted Mr. Rasico's request to discontinue garnishment without a court order or notice to Ms. Carrico. (*Id.*). The Martin County Prosecutor's office also filed documents against Ms. Carrico stating that she was delinquent in child support, intercepted her income tax refunds, listed her as a delinquent child support payer, garnished her wages, and continually tried to collect child support payments from her when she has no legal obligation to pay any child support. (*Id.* ¶¶ 15-16). In addition, the Martin County Prosecutor's Office intercepted Mr. Carrico's income tax refund. (*Id.* ¶ 18).

On October 10, 2009, the Plaintiffs filed their complaint in United States District Court, Southern District of Indiana, alleging violations of their right to Due Process under the United States and Indiana Constitutions against Martin County Prosecutors C.

Michael Steiner and Carol J. Harter. (*Id.* ¶ 1). The Complaint also alleges the same violations against the State of Indiana, through Mitch Daniels in his official capacity as Governor ("Gov. Daniels"). (*Id.*). Plaintiffs claim Gov. Daniels is liable for the actions of the Martin County Prosecutor's Office pursuant to 42 U.S.C. § 1983 ("Section 1983"). On November 24, 2009, the State of Indiana filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6). The State of Indiana claims both the State and Gov. Daniels are entitled to sovereign immunity.

## III. Discussion

### A. Sovereign Immunity

The Eleventh Amendment provides that each state is a sovereign entity that cannot be sued by an individual without the state's consent. U.S. CONST. amend. XI; *see Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). State sovereign immunity can be abrogated by the unequivocally expressed intent of Congress. *Seminole Tribe of Florida*, 517 U.S. at 55. However, Congress did not intend to abrogate state sovereign immunity by enacting Section 1983. *Quern v. Jordan*, 440 U.S. 332, 341-42 (1979). Because Section 1983 did not abrogate Indiana's sovereign immunity, the Plaintiffs cannot bring their claims against the State of Indiana.

The Plaintiffs are attempting to bypass state sovereign immunity by naming Gov. Daniels as Defendant in place of the State of Indiana. However, state sovereign immunity extends to state officials acting in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a suit against a state official acting in their

official capacity is no different from suing the state itself).  Plaintiffs' claims against Gov. Daniels arise from the fact the Martin County Prosecutor's actions were "taken on behalf of the state of Indiana and the governor is the highest ranking official in the state." (Complaint ¶ 10).  The Complaint does not allege any direct involvement from Gov. Daniels in this case, nor does it allege that Gov. Daniels acted beyond his official capacities as Governor during any pertinent period of this case.  In fact, the Complaint does not mention Gov. Daniels except to name him as a party.  Therefore, Gov. Daniels is exempt from the Plaintiffs' claims under Indiana's sovereign immunity.  As such, the Plaintiffs have failed to state a claim upon which relief can be granted pursuant to Rule 12 (b)(6).

**IV.   Conclusion**

For the reasons set forth above, the court **GRANTS** State of Indiana's Motion to Dismiss (Docket # 12).


**SO ORDERED** this 15th day of July 2010.

```
_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana
```

Electronic Copies to:

Lindsay T. Boyd
ltboyd@lboyd.com

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov